## Di Grazio *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Engine pushing coal car into private siding—Pedestrian on sidewalk—Death—Obstruction of view of engine headlight—Speed—Failure to sound bell—Conflicting evidence—Contributory negligence—Case for jury.*

In an action against a railroad company to recover for death of plaintiff's husband resulting from his being struck by a car which was being pushed into a siding from a track on a city street, the case was for the jury and a verdict and judgment for the plaintiff will be sustained where it appeared that deceased was walking westward along the south sidewalk; that he stopped, looked and listened before stepping onto the siding; that he was struck just as he reached the west rail of the siding, that the accident occurred on a dark night and the headlight of the locomotive, if burning, was obscured by the car which it was pushing, and the evidence was conflicting as to the speed of the car and as to whether the bell of the locomotive was sounded.

Argued March 28, 1918. Appeal, No. 358, Jan. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 3744, on verdict for plaintiff in case of Josephine Di Grazio v. The Pennsylvania

Railroad Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before SHOEMAKER, J.

From the record it appeared that at 6:30 p. m., on January 23, 1917, plaintiff's husband, Carlo Di Grazio, was walking westwardly on the south sidewalk of Washington avenue, between Ninth and Tenth streets in the City of Philadelphia.

There were two tracks on Washington avenue and a siding from the southern (eastbound) track across the south sidewalk into a coal yard.

Plaintiff introduced evidence to the effect that deceased stopped, looked and listened as he approached the siding, that he proceeded to cross and had almost crossed the west rail when he was struck by a car which was being pushed by a locomotive into the siding, and was instantly killed. The night was very dark and there were no lights about the entrance or siding or upon the train or the car which was being pushed into the siding. There was evidence that the car which struck deceased was at the time moving at the rate of fifteen miles per hour and that no bell or other warning of its approach was sounded. There was also evidence that where shifting was necessary after dark it was customary to guard the pavement by a man with a lantern but that at the time of the accident this precaution was not taken.

Defendant's proofs were that the car was moving slowly, that the headlight on the engine was burning, and that the car was plainly visible and that the bell was rung as the train approached.

Plaintiff's witnesses testified that if the light on the engine was burning it was obstructed by the car it was pushing into the siding and which struck deceased.

Verdict for plaintiff for $10,000, and judgment thereon. Defendant appealed.

366  DI GRAZIO *v.* PENNA. R. R. CO., Appellant.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Sharswood Brinton,* for appellant.

*John J. McDevitt, Jr.,* for appellee.

PER CURIAM, May 6, 1918:

That this case was for the jury clearly appears from the facts to be found in the reporter's statement of them, and the judgment is accordingly affirmed.